IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| THERESA MARIE BARBERO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>REGIONAL RECOVERY SERVICES, INC., )<br>ROBERT SCHUMANN, TOM HYBERGER, )<br>and JAMES AXFORD, )<br>)<br>Defendants. ) | Case No. 6:17-cv-03379-MDH |

## ORDER

Before the Court are Defendants' Motion to Dismiss for Failure to State a Claim filed by Defendants Schumann, Hyberger, and Regional Recovery Services, Inc. (Doc. 38), Defendants' Motion for More Definite Statement filed by Defendants Schumann, Hyberger, and Regional Recovery Services, Inc. (Doc. 40), Defendant Schumann's Motion to Dismiss for Lack of Jurisdiction and Insufficient Service of Process (Doc. 41), Defendant Axford's Motion to Dismiss for Failure to State a Claim (Doc. 50), and Defendants' Motions to Strike. (Docs. 57 and 58).

## BACKGROUND[1]

Plaintiff filed this action *pro se* alleging violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et. seq.*, the False Claims Act (FCA), 31 U.S.C. § 3729, and common law claims for

---

[1] The Court takes the background facts from Plaintiff's Complaint (Doc. 5) and from Plaintiff's Statement of Claim for Relief (Docs. 10 and 11), which the Court interprets to be an amended complaint. The Court notes that documents 10 and 11 are identical.

1

defamation. This matter arises from a dispute concerning a debt that Plaintiff claims she does not owe.

Plaintiff sought a loan for a surgical procedure from a company named Med Loan Finance. It appears Plaintiff elected to pay a fee of $445.50 as part of the application process. Pursuant to her application for a loan, Plaintiff was approved for a Capital One credit card. However, she was unable to activate it because Capital One found it suspicious. Plaintiff attempted to get a refund from med Loan Finance for her $445.50, but was denied.

In November 2015, Plaintiff filed a small claims action in Angelina County, Texas, against Med Loan Finance and Defendant Jim Axford, the operator of Med Loan Finance. Med Loan Finance filed a counterclaim. The Justice of the Peace for Angelina County entered judgment in favor of Med Loan Finance in the amount of $662, plus court costs of $131. Plaintiff alleges that she has appealed this judgment but provided no indication concerning the status of the case.[2]

In July 2017, Axford submitted the judgment and debt to Defendant Regional Recovery Services, Inc. (RRS). The debt referred to RRS was for the amount of $1,419, which was based on a "finance fee" and a "collection fee."[3] Plaintiff alleges that this was an attempt to "scare, intimidate and try to extort, burden and harass Plaintiff for money she does not owe." (Docs. 10

---

[2] The Court's own search indicates that there is a currently pending Motion for Summary Judgment filed by Axford Enterprises, Inc. Case No. 088-16-CV, Angelina County, Texas.
[3] This debt amount of $1,419 seems to be at least partially related to the small claims court judgment. Exhibit G to Plaintiff's Statement of Claim for Relief (Docs. 10-7 and 11-7) indicates that this amount is the sum total of a "Med Loan Finance Fee" in the amount of $793 and a "Med Loan Finance Collection Fee" in the amount of $626. The Court can only speculate as to the basis for this additional $626 "collection fee," and Plaintiff's pleadings do not give the Court a basis for concluding that the addition of this fee is itself grounds for a cause of action against Defendants.

and 11). Plaintiff further alleges that RRS fabricated the amount owed to them and threatened to increase the amount owed if Plaintiff did not pay the amount by a certain date.

Plaintiff alleges that Axford violated the FDCPA by falsely representing the status of a debt and by communicating credit information he knew to be false. Plaintiff alleges that Axford and RRS violated the FCRA by performing a background and credit check on her without her permission and "for no reason other than to spy and damage Plaintiff's credit and reputation." Plaintiff has also alleges defamation and violations of the FCA by Axford and RRS. Plaintiff seeks a refund of her money and the interest accrued on her credit card.

## LEGAL STANDARD

In examining a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts all of Plaintiff's factual allegations as true and construes those allegations in Plaintiff's favor. *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). To survive such a motion, Plaintiff's complaint "must include sufficient factual allegations to provide the grounds on which the claim rests." *Drobnak v. Andersen Corp*, 561 F.3d 778, 783 (8th Cir. 2009). Put simply, Plaintiff's claim for relief must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## DISCUSSION

The Court has 4 motions before it: Defendants' Motion to Dismiss for Failure to State a Claim filed by Defendants Schumann, Hyberger, and Regional Recovery Services, Inc. (Doc. 38), Defendants' Motion for More Definite Statement filed by Defendants Schumann, Hyberger,

3

and Regional Recovery Services, Inc. (Doc. 40), Defendant Schumann's Motion to Dismiss for Lack of Jurisdiction and Insufficient Service of Process (Doc. 41), and Defendant Axford's Motion to Dismiss for Failure to State a Claim. (Doc. 50).

## I. Motion to Dismiss by Schumann, Hyberger, and RRS (Doc. 38)

Defendants begin by asserting that Defendants Schumann and Hyberger should be dismissed from this action because Plaintiff's Complaint (Doc. 5) and Plaintiff's Statement of Claim for Relief (Docs. 10 and 11) fail to put forward any allegations of wrongdoing by either Shumann or Hyberger. In examining both documents, the Court concludes that Defendants Robert Schumann and Tom Hyberger should be dismissed from this action. Other than being a named defendant, Hyberger is not named at any point in Plaintiff's factual allegations. There is no allegation of wrongdoing directed at Hyberger. Robert Schumann is mentioned only once in the documents: Plaintiff alleges that Schumann owns RRS and another collection agency. Plaintiff alleges no wrongdoing by Schumann himself, only by his corporation.

There must be sufficient factual allegations directed at the defendant to enable the Court to conclude that Plaintiff has a plausible cause of action against that defendant. Where a plaintiff fails to make allegations directed at a defendant, the plaintiff has not presented a plausible cause of action against the defendant. In such a case, the defendant must be dismissed from the matter. *See Peters v. Bray*, 2013 WL 7137524, at *4 (S.D. Iowa Apr 1, 2013); *see also Gooden v. City of N. Kansas City, Mo.*, 2012 WL 4068582, at *1 (W.D. Mo. Sept. 14, 2012). In this case, Plaintiff asserts no allegations of wrongdoing by either Schumann or Hyberger. Other than being named in the caption, no allegations relate to Hyberger. The only allegation pertaining to Schumann alleges that he owns RRS and another collection agency. That is not sufficient to state a claim

4

against Schumann. Therefore, the Court will dismiss Defendant Robert Schumann and Tom Hyberger from this action.

The remainder of Defendants' motion concerns the FDCPA, FCRA, FCA, and defamation claims against RRS. The Court will address each in turn.

*a. Fair Debt Collection Practices Act*

To state a claim for violations of the FDCPA, a plaintiff must allege (1) she has been the object of collection activity arising from consumer debt, (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act, and (3) the defendant has engaged in a prohibited act or has failed to perform an act required by the FDCPA. *Pace v. Portfolio Recovery Associates, LLC*, 872 F. Supp, 2d 861, 864 (W.D. Mo. 2012).

Plaintiff's pleadings are anything but clear. In her original Complaint (Doc. 5), Plaintiff appears to allege that RRS contacted her at "unusual times" in violation of 15 U.S.C. § 1692c(a)(1). Plaintiff's Complaint alleges, "They called me over 6 times, phone calls, emails demanding I pay money I don't owe." But this does not state a claim under Section 1692c(a)(1). Assuming Plaintiff's allegation is true, as the Court must, the Court still has no way of determining whether Section 1692c(a)(1) was violated. The statute prohibits communications before 8:00 a.m. and after 9:00 p.m. There is no allegation addressing when the phone calls or emails were sent to Plaintiff. Thus, the Court cannot determine whether these communications violation Section 1692c(a)(1). As such, Plaintiff has failed to state a claim under this theory.

Plaintiff also appears to allege that RRS continued to contact her after she disputed her claim. (Docs. 10 and 11). She alleges that "it is illegal to continue harassment after consumer disputed (Plaintiff disputed multiple times)". Section 1692c(c) prohibits debt collectors from continuing communications with a consumer after the consumer "notifies a debt collector in

5

writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer." However, the debt collector may communicate with the consumer to notify them that further collection efforts will be terminated, the remedies the debt collector or creditor may invoke, and, if applicable, what specific remedy will be invoked. 15 U.S.C. § 1692c(c)(1)-(3). Plaintiff's allegations do not address how she disputed the debt, whether she communicated in writing to RRS that she was refusing to pay or that she wanted their communication to cease, when she might have sent this communication, or what form RRS's communications took after she might have sent this communication. In other words, all the Court knows is that Plaintiff alleges she "disputed" the debt and RRS continued to contact her in some form or another. This is insufficient to state a claim under Section 1692c(c).

Plaintiff raises two theories in support of claims under Section 1692e. (Docs. 10 and 11). The first relates to Section 1692e(2), which deals with false representations of "the character, amount, or legal status of any debt." The second concerns Section 1692e(8), which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Plaintiff alleges that "[I]t is illegal to falsely represent the status of any debt," and "Defendants continue to file false claims with malice, even after disputing with them in writing multiple times."

Plaintiff's pleadings make it clear that she has disputed the debt and that RRS and/or Defendant Axford have reported her debt to credit reporting agencies. But her allegations go no further. Under either theory, Plaintiff fails to state a claim because she has not alleged that RRS failed to notify the credit reporting agencies of the fact that Plaintiff disputed the debt. Furthermore, Plaintiff makes no allegations that RRS has reported information that it knew or

6

should have known was false. The fact that a debt is disputed does not render information concerning that debt to be false. Finally, to state a claim under Section 1692(e)(8), Plaintiff must allege that RRS's reporting of the debt to credit reporting agencies was made voluntarily — rather than a report required by law. *See McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 915-16 (8th Cir. 2014) (holding that a plaintiff failed to state a claim whether she did not allege that the debt collector's report to a credit reporting agency was made voluntarily and motivated by an attempt to collect the debt).

### b. Fair Credit Reporting Act

Plaintiff's Complaint (Doc. 5) makes reference to Sections "1681n" and "1681o." This, in itself, is insufficient to state any claim for relief. Thus, the Court will dismiss whatever claims may be premised on these statutes.

In Plaintiffs Complaint (Doc. 5) and her Statement of Claim for Relief (Docs. 10 and 11), Plaintiff alleges that RRS, Defendant Axford, and Axford's wife Candice[4] "did a background check on Plaintiff . . . and also checked Plaintiff's credit without her knowledge and without her permission and for no reason other than to spy and damage Plaintiff's credit and reputation." Section 1681b(f) addresses obtaining consumer reports. It states, "A person shall not use or obtain a consumer report for any purpose unless . . . the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section." 15 U.S.C. § 1681b(f). To state a claim for violation of FCRA Section 1681b(f), Plaintiff must plead that (1) there was a consumer report, (2) Defendants used or obtained it, (3) Defendants did so without a permissible statutory purpose, and (4) Defendant was negligent or willful in doing

---

[4] Candice is not a named Defendant in this action.

7

so. *Phillips v. Grendahl*, 312 F.3d 357, 364 (8th Cir. 2002), *abrogated on other grounds by Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47 (2007).

Defendants argue that "there are multiple permissible statutory purposes for which RRS (and Axford) could have for obtaining Plaintiff's consumer reports. . . ." That may very well be accurate, but the Court *must* take Plaintiff's allegations as true at this time. And Plaintiff's allegations, taken as true, quite clearly fulfill each of the elements. Thus, the Court concludes that Plaintiff has stated a claim for violation of FCRA by obtaining a consumer report for an impermissible purpose.

### c. False Claims Act

The False Claims Act punishes those who attempt to defraud the federal government. *See generally, Univ. Health. Servs., Inc. v. United States*, 136 S. Ct. 1989 (2016). The False Claims Act imposes liability on those who "knowingly present[], or cause[] to be presented, a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729. The claims to which it refers are those directed at the United States, and those which the United States would be required to pay. The False Claims Act does not concern itself with matters like private debts. Thus, Plaintiff does not and cannot state a claim for violation of the False Claims Act in this matter.

### d. Defamation[5]

"A communication is defamatory if it tends to so harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Henry v. Halliburton*, 690 S.W.2d 775, 779 (Mo. 1985) (en banc) (quoting Restatement (Second) of Torts § 559). In Missouri, defamation has six elements which must be

---

[5] Plaintiff refers to libel and slander in her pleadings. "[L]ibel and slander have evolved to the point where modern law combines them as the generic tort of defamation. . . ." *Nazeri v. Mo. Valley. Coll.*, 860 S.W.2d 303, 308 (Mo. 1993) (en banc).

pleaded to state a claim: (1) publication, (2) of a defamatory statement, (3) which identifies the plaintiff, (4) that is false, (5) that is published with a requisite degree of fault, and (6) damages the plaintiff's reputation. *Castle Rock Remodeling, LLC v. better Bus. Bureau of Greater St. Louis, Inc.*, 354 S.W.3d 234, 239 (Mo. Ct. App. 2011) (citing *Sterling v. Rust Comms.*, 113 S.W.3d 279, 281 (Mo. Ct. App. 2003). Furthermore, there must be an allegation of actual damages arising from the allegedly defamatory communication. *See Nazeri*, 860 S.W.2d at 313.

Plaintiff alleges that she filed a complaint with the Better Business Bureau of Northern Indiana concerning the attempts by RRS to collect on the debt. She alleges that RRS's "verbatim response" is evidence of defamation. The Complaint Activity Report is attached to Plaintiff's Statement of Claim for Relief as Exhibit L (Docs. 10 and 11). This report provides Plaintiff's original complaint to the BBB, RRS's response to the complaint, and Plaintiff's rebuttal. Plaintiff alleges that RRS's response was defamatory. Giving Plaintiff the greatest benefit of the doubt that it can, the Court agrees that the response *could* be perceived as defamatory and that it identifies her. But that is not the end of the analysis. Plaintiff does not allege any actual damages arising from this allegedly defamatory communication, which is a key element of any defamation claim. Therefore, Plaintiff has not stated a claim for defamation as it relates to RRS's communication with the Better Business Bureau.

To the extent that Plaintiff is alleging defamation of credit based on her allegation that RRS has falsely reported her debt to credit reporting agencies, that claim also fails. That is because claims for defamation of credit or negligence in reporting debts to consumer collection agencies are preempted by the Fair Credit Reporting Act. *Glanzer v. Bank of Am., N.A.*, 2014 WL 6604788, at *4-5 (W.D. Mo. Nov. 20, 2014). The FCRA preempts all state actions against furnishers of credit information that are "in the nature of defamation . . . except as to false

information furnished with malice or willful intent [to] injure [the] customer." 15 U.S.C. § 1681h(e). Thus, to proceed on a claim for defamation of credit, Plaintiff must allege that RRS furnished the information with malice. Plaintiff's pleadings do not do so.[6] Therefore, Plaintiff has not stated a claim for defamation.

### e. Fraud and Conspiracy

Plaintiff makes numerous general references to fraud throughout her Complaint (Doc. 5) and her Statement of Claim for Relief (Docs. 10 and 11). Defendants also assert that Plaintiff's pleadings appear to imply some form of conspiracy between them.

Fraud has nine elements: To state a claim, a plaintiff must plead (1) a representation, (2) the falsity of that representation, (3) the materiality of the representation, (4) the speaker's knowledge of the falsity of the representation or the speaker's ignorance of the truth, (5) the speaker's intent that plaintiff act on the representation in a manner that could be reasonable contemplated, (6) the plaintiff's ignorance of the representation's falsity, (7) the plaintiff's reliance on the representation being true, (8) the plaintiff's right to rely on the representation, and (9) injury to the plaintiff that is proximately caused by reliance on the representation. *Minor v. Terry*, 475 S.W.3d 124, 128 (Mo. Ct. App. 2014). Furthermore, every element of fraud must be pleaded with particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure.

---

[6] Plaintiff does, at one point, state that "Defendants continue to file false claims with malice, even after disputing with them in writing multiple times." (Docs. 10 and 11). However, this allegation is made specifically in connection to Plaintiff's FDCPA claim. It is not made in connection with Plainitff's defamation claim. In fact, Plaintiff makes no particular allegations at all with respect to her defamation claim, and she merely points to her attached exhibit as "evidence" defamation. Although the Court has chosen to be flexible in analyzing this issue, Plaintiff's method of pleading defamation is fundamentally unacceptable. Plaintiff must allege facts, not merely point to a document and claim it is evidence of defamation.

10

Plaintiff's pleadings fail to plead the elements of fraud. Even if the pleadings could be read to address the various elements, the elements are not pleaded with the particularity required by federal courts. Therefore, Plaintiff does not state a claim for fraud.

To the extent that Plaintiff's pleadings could be read to imply a conspiracy between Defendants, the Court will address whether Plaintiff has stated a claim for civil conspiracy. Civil conspiracy is not a separate cause of action. Instead, it aims to hold conspirators jointly and severally liable for the acts resulting from the conspiracy. *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 22 (Mo. 2012) (en banc). To state a claim for civil conspiracy, a plaintiff must plead that " '(1) two or more persons, (2) with an unlawful objective, (3) after a meeting of the minds, (4) committed at least one act in furtherance of the conspiracy, and (5) the plaintiff was thereby injured.' " *Mika v. Cent. Bank of Kansas City*, 112 S.W.3d 82, 93 (Mo. Ct. App. 2003) (quoting *Phelps v. bross*, 73 S.W.3d 651, 657 (Mo. Ct. App. 2002)). In examining Plaintiff's pleadings, the Court concludes that Plaintiff has not pleaded these elements and therefore does not state a claim for civil conspiracy.

### II. Defendants' Motion to Make More Definite Statement and Motion to Dismiss for Lack of Jurisdiction and Insufficient Service of Process (Docs. 40 and 41)

In light of the Court's rulings concerning Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 38), the Court finds both of these motions to be moot.

### III. Defendant Jim Axford's Motion to Dismiss (Doc. 50)

As an initial matter, some of the Court's holdings concerning RRS's Motion to Dismiss will be applicable to Defendant Axford's Motion to Dismiss.

#### a. Fair Debt Collection Practices Act

Defendant Axford asserts that Plaintiff cannot state a claim against him under the FDCPA because he is not a debt collector. The FDCPA defines a debt collector as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692a(6). Defendant Axford asserts that the pleadings lack any allegation that he is a debt collector under the FDCPA. He argues that he is, in fact, a creditor pursuant to Plaintiff's pleadings. There is no allegation that the principal purpose of Defendant Axford or his businesses is the collection of debts. Nor is there an allegation that Defendant Axford or his business used an alternative name that would indicate a third person is attempting to collect the debt. Therefore, the Court agrees that Plaintiff's pleadings do not allege Defendant Axford is a debt collector pursuant to the FDCPA.

In order to hold a creditor liable under Section 1692e, there must be an allegation that the creditor used a name other than its own, and that name must "indicate that a third person is collecting or attempt to collect" the plaintiff's debt. *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 740 (7th Cir. 2004), *accord A.W. v. Preferred Platinum Plan, Inc.*, 923 F. Supp. 2d 1168, 1171-72 (D. Minn. 2013). As no such allegation is made here, Plaintiff does not state a claim against Defendant Axford for violation of the FCDPA.[7]

### b. Fair Credit Reporting Act

The Court concludes that Plaintiff has stated a claim against Defendant Axford for violation of Section 1681b(f) for the same reasons as those articulated in Section I.b. of this Order.

---

[7] There is no allegation that Defendant Axford violated Sextion 1692c, which concerns contacts with a consumer at unusual times or in a harassing manner. Thus, the Court does not address whether a claim is stated against Defendant Axford on that issue.

12

*c. False Claims Act*

The Court concludes that Plaintiff has not stated a claim against Defendant Axford for violation of the False Claims Act for the same reasons as those articulated in Section I.c. of this Order.

*d. Defamation*

In examining Plaintiff's pleadings, the Court concludes that Plaintiff's allegations of defamation pertain only to Defendant RRS. Therefore, the Court concludes that Plaintiff has not stated a claim for defamation against Defendant Axford.

*e. Fraud and Conspiracy*

The Court concludes that Plaintiff has not stated a claim against Defendant Axford for fraud or civil conspiracy for the same reasons as those articulated in Section I.e. of this Order.

**IV. Defendants' Motion to Strike (Docs. 57 and 58)**

Defendants ask the Court to strike Plaintiff's "More Definite Statement of Claim" (Doc. 55). The Court will do so because this "more definite statement" was filed without leave of the Court. The Court interprets this filing to be, in essence, another amended complaint. The filing of amended complaints is governed by Rule 15 of the Federal Rules of Civil Procedure. Plaintiff's "more definite statement" was filed outside of the time during which Plaintiff would have a right to file an amended complaint without the Court's permission. *See* Fed. R. Civ. P. 15(a)(1). Furthermore, this filing would constitute a second amended complaint, which Plaintiff must always ask for leave of the Court to file. As the "more definite statement" was filed without the Court's permission, it will be stricken.

**V. Plaintiff's Request for Imposition of Sanctions**

13

Many of Plaintiff's various filings and responses during the course of this litigation have asked the court to impose sanctions on the Defendants or their attorneys. The Court will not do so. Plaintiff's request for imposition of sanctions is denied.

## CONCLUSION

The Court hereby **GRANTS-IN-PART and DENIES-IN-PART** Defendants' Motions to Dismiss (Docs. 38 and 50). All of Plaintiff's claims against Defendants Robert Schumann and Tom Hyberger are **DISMISSED WITHOUT PREJUDICE**. All of Defendants Claims against Defendants Regional Recovery Services, Inc. and Jim Axford are **DISMISSED WITHOUT PREJUDICE**, with the exception of Plaintiff's claim pursuant to 15 U.S.C. § 1681b(f) for violation of the Fair Credit Reporting Act, which may proceed.

The Court further hereby **FINDS AS MOOT** Defendants' Motion to Make More Definite Statement and Motion to Dismiss for Lack of Jurisdiction and Insufficient Service of Process. (Docs. 40 and 41).

The Court further hereby **GRANTS** Defendants' Motion to Strike. (Docs. 57 and 58). Plaintiff's More Definite Statement of Claim is hereby **STRICKEN**. (Doc. 55).

The Court hereby **DENIES** Plaintiff's requests for imposition of sanctions against Defendants and Defendants' counsel.

**IT IS SO ORDERED**:
Date: June 27, 2018

                                          */s/ Douglas Harpool*
                                          **DOUGLAS HARPOOL**
                                          **UNITED STATES DISTRICT JUDGE**